JUSTICE COMPTON
delivered the opinion of the Court.
This appeal attacks a party’s statutory right to one voluntary nonsuit, as authorized by Code § 8.01-380(B).
Code § 8.01-229(E)(3) also is implicated here. As pertinent, the subsection provides that “[i]f a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, . . . whichever period is longer.”
The chronology is important. On September 5, 1988, appellant Joy R. McManama, the plaintiff below, was injured while a passenger in a vehicle that was struck by a vehicle operated by Terry L. Plunk.
On August 27, 1990, the plaintiff filed a first motion for judgment in the trial court against Plunk seeking recovery of damages for negligently inflicted personal injuries. When the suit papers were filed, counsel for the plaintiff instructed the clerk not to effect service of process “at this time.” Plunk never was served with process.
On February 26, 1991, Plunk was killed while on active duty with the armed forces in the Persian Gulf War. On July 30, 1991, Doris C. Plunk qualified as “administratrix”* of the estate of Terry L. Plunk, deceased.
On August 29, 1991, in an ex parte order that is the focus of this controversy, the trial court granted plaintiffs motion for a voluntary nonsuit of the pending action.
On January 6, 1992, the plaintiff filed a second motion for judgment on the same cause of action asserted in the first motion for judgment, naming as defendant appellee “Doris C. Plunk, Administratrix of the Estate of Terry L. Plunk, deceased.” The *30 defendant was served with process and, on January 23, 1992, filed a special plea of the two-year statute of limitations and motion to dismiss. Defendant objected to the filing of the second action on the ground that a refiling after a nonsuit must be “against the same party,” Code § 8.01-380(A), and an individual decedent and the personal representative of his estate are not “the same party.”
On February 6, 1992, plaintiff filed a third motion for judgment on the same cause of action asserted in the two previous motions for judgment, naming “Terry L. Plunk” as defendant. On February 19, 1992, plaintiff filed a motion in the third action asking to substitute the personal representative “as the Defendant herein.”
On the same day, an ex parte order was entered at the request of plaintiffs counsel allowing the substitution and the filing of an amended motion for judgment naming the personal representative as defendant. The order recited that it appeared “this is the refiling of a previously non-suited action against Terry L. Plunk, who is now deceased.” The order further provided for service of process upon the substituted defendant.
On March 13, 1992, the defendant personal representative filed a special plea of the statute of limitations and motion to dismiss, asking that the third action be dismissed with prejudice. The trial court heard oral argument on the pleas and motions in April 1992.
In an April 1994 letter opinion, the trial court sustained the special pleas and granted the motions to dismiss. During its recitation of facts, the court noted that the August 29, 1991 nonsuit order was entered one year and two days after the first action was filed. The court stated that it “never acquired in personam jurisdiction over the defendant prior to his death; and no administrator, executor, or personal representative was ever substituted in his stead; and the order which dismissed the case on August 29, 1991, was ex parte and was without notice of hearing or opportunity to be heard by either the defendant or his estate.”
The court determined “that the ‘nonsuit order’ entered in the initial suit had the limited effect of being a dismissal order without determining the merits and that the tolling of the statute of limitations during the pendency of the suit is governed” by Code § 8.01-229(E)(1). The portion of that subsection upon which the trial court focused provides that “if any action is commenced within the prescribed limitation period and for any cause abates or *31 is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.” The court said, “The initial suit was filed nine days prior to the running of the two-year statute of limitations; and inasmuch as neither suit No. 2 nor suit No. 3 was filed within nine days of the nonsuit order of August 29, 1991, plaintiffs causes of action are barred.”
Noting the plaintiffs contention that she had six months from the date of the nonsuit order to reinstitute the action pursuant to Code § 8.01-229(E)(3), supra, the trial court held “that the non-suit order ... did not have the legal effect of triggering a six months’ extension to the statute of limitations under” the foregoing subsection. The court said, “A valid voluntary nonsuit order ... is a final judgment in a civil case appealable under” Code § 8.01-670 (providing for appeals of final judgments).
Continuing, the trial court stated that “for such an order to have any binding effect on a defendant or to adversely affect the substantive rights of a defendant, the defendant must first had to have been served with process, must have been before a court with jurisdiction over the defendant’s person, and the defendant must have been given notice of hearing and an opportunity to be heard.” The court said, “To hold otherwise would be to deny the defendant civil due process of law as guaranteed by Article I, Section 11, of the Constitution of Virginia.”
Concluding, and noting that Rule 3:3 provides that no judgment shall be entered against a defendant served with process more than one year after the commencement of the action unless the plaintiff has exercised due diligence to have timely service made, the trial court stated, “The plaintiff had this action dismissed because she did not attempt service of process within one year. A dilatory plaintiff should not be permitted to create a two-year-and-six-month statute of limitation in an action for personal injury simply by filing a suit and never serving the defendant with process during the pendency thereof.”
We awarded the plaintiff an appeal from the May 1994 order dismissing with prejudice both pending actions. The trial court designated the papers in the second action to be “the master file” and provided that any determination by this Court on appeal would be binding in both the second and third actions. Thus, for clarity, we will address the second action only.
*32 We disagree with the trial court’s statutory analysis and with its constitutional ruling. First, the August 1991 order granting the plaintiff a voluntary nonsuit was not a final, appealable order. Ordinarily, an order of nonsuit is not to be considered a final judgment for purposes of appeal. Mallory v. Taylor, 90 Va. 348, 349, 18 S.E. 438, 439 (1893). An order of nonsuit is a final, appealable order within the meaning of Code § 8.01-670(A)(3) (“any person may present a petition for an appeal to the Supreme Court if he believes himself aggrieved . . . [b]y a final judgment in any . . . civil case”), only when a dispute exists whether the trial court properly granted a motion for nonsuit. Wells v. Lorcom House Condominiums’ Council, 237 Va. 247, 251, 377 S.E.2d 381, 383 (1989).
In the present case, there was no dispute at the time the nonsuit order was entered about the propriety of the trial court’s action in granting the nonsuit. Code § 8.01-380, the nonsuit statute, while giving a party the absolute right to one voluntary non-suit, contains a number of limitations on that right, none of which could have applied here. Therefore, the trial court erred in ruling that the nonsuit order had “the limited effect of being a dismissal order without determining the merits” and that Code § 8.01-229(E)(1) governed the tolling of the statute of limitations during the pendency of the first action. On the contrary, the August 1991 order was fully and completely effective as a nonappealable voluntary nonsuit.
Second, the trial court erroneously placed limitations on the plaintiff’s right to the voluntary nonsuit when it ruled that defendant “must first had to have been served with process, must have been before a court with jurisdiction over the defendant’s person, and the defendant must have been given notice of hearing and an opportunity to be heard.” None of these requirements is found in the applicable statutes, and a court should not add them by judicial fiat. The trial court had subject matter jurisdiction over the first action enabling it to properly enter an order granting plaintiff a voluntary nonsuit. See Morrison v. Bestler, 239 Va. 166, 173, 387 S.E.2d 753, 758 (1990). Therefore, the plaintiff’s nonsuit of her first action was valid, the two-year statute of limitations was tolled, and the plaintiff properly recommenced her action within six months from the date of the nonsuit order as authorized by Code § 8.01-229(E)(3).
*33 Finally, the trial court’s alternative, constitutional ruling is erroneous. Supporting the trial court’s ruling, defendant contends that, while plaintiff had the right to sue Plunk within two years of the accident, Plunk had a “substantive right” not to be sued more than two years after the accident. Defendant says that Plunk had the following additional “substantive rights”: to defend plaintiffs action; to challenge, if appropriate, plaintiffs termination of the litigation by nonsuit; to challenge where and when plaintiff recommenced an action terminated by a proper nonsuit; and to notice an appeal from “an improper nonsuit.”
According to defendant, Plunk’s entitlement to due process protection of these “substantive rights” attached when plaintiff filed her first motion for judgment, and plaintiff thereafter could not affect Plunk’s “substantive rights” at any stage of the litigation without according Plunk due process. Thus, contends defendant, plaintiff “could not use the termination of the First Action to adversely affect Plunk’s substantive right not to be sued more than two years after the accident.” We disagree.
We have already rejected a similar argument in Clark v. Butler Aviation-Washington Nat’l, Inc., 238 Va. 506, 512 n.5, 385 S.E.2d 847, 850 n.5 (1989). In Clark, a personal injury action arising from a motor vehicle collision, plaintiff filed a motion for judgment two days before the two-year statute of limitations was due to run on the claim. Process was not served on the defendant until more than one year after the date of filing the motion for judgment. Defendant moved to quash the service of process, but before any action on such motion, plaintiff was granted a voluntary nonsuit. Then, more than two years after the accident occurred, plaintiff recommenced his action by filing another motion for judgment asserting the same claim. The trial court sustained defendant’s plea of the statute of limitations.
We reversed the trial court, and harmonized an apparent conflict between Rule 3:3, § 8.01-229(E)(3), and § 8.01-380. In addition, we addressed the Clark defendant’s “warning” that a ruling adverse to its position would result in the denial of due process of law. It asserted a “justifiable expectation” that it was protected by the time limits of the applicable statute of limitations and Rule 3:3. Clark, 238 Va. at 512 n.5, 385 S.E.2d at 850 n.5. The Clark defendant claimed that once the time limits of the statute of limitations and the Rule had expired, its right to assert the statute *34 and the Rule as a defense became a vested right, fully protected by the due process clauses of the State and Federal constitutions.
We stated, however, that when the plaintiff suffered a voluntary nonsuit, he too had a “justifiable expectation,” viz., that he would be entitled to the benefit of the six-month period allowed by § 8.01-229(E)(3) in which to recommence his action. Id. We said that if both postulates are accepted, a complete legal standoff would result. Accordingly, we accepted the plaintiff’s premise, and rejected the defendant’s, to avoid the standoff. Id.
Likewise, as the Clark defendant had no legitimate constitutional claim of entitlement or vested right in the statute of limitations or Rule 3:3 defenses, neither did the defendant in this case. Article I, § 11 of the Constitution of Virginia provides that “no person shall be deprived of his life, liberty, or property without due process of law.” Procedural due process guarantees that a person shall have reasonable notice and opportunity to be heard before any binding order can be made affecting the person’s rights to liberty or property. Commission of Fisheries v. Hampton Roads Oyster Packers and Planters Ass’n, 109 Va. 565, 585, 64 S.E. 1041, 1048 (1909). The procedural due process guarantee does not create constitutionally protected interests; rather, it provides procedural safeguards against government’s arbitrary deprivation of certain interests. Etheridge v. Medical Center Hospitals, 237 Va. 87, 97, 376 S.E.2d 525, 530 (1989).
Certainly, no liberty interest is implicated here; so the focus is on a property interest. When procedural due process respecting deprivation of a property interest is challenged, a two-step inquiry is employed. Klimko v. Virginia Employment Comm’n, 216 Va. 750, 754, 222 S.E.2d 559, 563, cert. denied, 429 U.S. 849 (1976). “The first inquiry is whether the interest is a property interest protected by procedural due process guarantees; if so, the second is whether the procedures prescribed or applied are sufficient to satisfy the due process ‘fairness’ standard.” Id., 222 S.E.2d at 564.
We need pursue only the first inquiry, that is, whether entry of the ex parte order of voluntary nonsuit in the first action deprived Plunk of any protected property interest. We answer that query in the negative.
The grant of the nonsuit did not operate to deprive Plunk of any valid or vested defense of the statute of limitations, or of the time limits of Rule 3:3, as we pointed out in Clark. The fact *35 that the Clark defendant may have had actual knowledge or notice of the nonsuit, while this defendant did not, does not affect the force of the Clark precedent. We determined in Clark that the defendant, like Plunk in the present case, simply had no property interest to protect. In other words, Plunk had no justifiable expectation of a Rule 3:3 or statute of limitations defense under Virginia law that was entitled to protection under the due process clause of the Constitution.
And, Plunk was not deprived of any other property interest, or prejudiced in any way, by the nonsuit. For example, this was not a situation, as in Iliff v. Richards, 221 Va. 644, 272 S.E.2d 645 (1980), in which the defendant was prevented from prosecuting a cross-claim when an order of nonsuit was entered without notice to him. The defendant here has specified no reason why the plaintiff did not enjoy the absolute right to the grant of a voluntary nonsuit.
Consequently, the trial court erred in refusing to give effect to the order of nonsuit on the ground that its ex parte entry violated the constitutional guarantee of procedural due process.
In conclusion, we reject defendant’s contention that neither the second action nor the third action was timely. Both were filed within the six-month extension granted by § 8.01-229(E)(3). Contrary to defendant’s contention, the filing of the third action, “against a known dead person,” was not a nullity. Cf. Rennolds v. Williams, 147 Va. 196, 199, 136 S.E. 597, 598 (1927) (judgment against one dead when action brought a nullity). And, the personal representative properly was substituted as a party defendant. Code § 8.01-229(B)(2)(b) (“If a person against whom a personal action may be brought dies before suit papers naming such person as defendant have been filed with the court, then such suit papers may be amended to substitute the decedent’s personal representative as party defendant before the expiration of the applicable limitation period. . .”). Plunk died before the suit papers in the third action had been filed with the court. Thus, the foregoing statutory provision applied.
Therefore, the judgment appealed from will be reversed, and the case will be remanded for further proceedings.

Reversed and remanded.

 The relevant statutes deal with qualification of an “administrator,” not an “administratrix.” See, e.g., Code §§ 64.1-117, -120, -122.1, -128, and -131.