Present:  Lacy, Hassell, Keenan, Koontz, Kinser, and Lemons,
JJ., and Whiting, S.J.

LAURIE F.S. WATERMAN

v.  Record No. 000260                     OPINION BY
                              SENIOR JUSTICE HENRY H. WHITING
SANDY (BUTLER) HALVERSON, ET AL.        January 12, 2001

            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Randolph T. West, Judge

     In this appeal we consider whether the trial court erred

in dismissing plaintiff's motion for judgment as untimely

filed based on its construction of Code § 8.01-275.1.

     Laurie F.S. Waterman filed a medical malpractice action

against Sandy (Butler) Halverson, Michelle "Roe" McCormick,

Riverside Hospital, Inc., Nancy Couleman, and Paul Rein in the

Circuit Court of the City of Portsmouth (the defendants).[1]

More than twelve months after the filing of this action,

Waterman sought and was granted a nonsuit.  The defendants

were not served with process and had no notice of the nonsuit

motion or order granting the motion.

     On October 3, 1997, less than six months after the

nonsuit was granted but more than two years after Waterman's

medical treatments ended, Waterman filed this action against

the same parties in the same court and promptly had the

_____

     [1] Other named defendants, Janine Mooney, Riverside
Regional Medical Center, and James River Anesthesia

defendants served with process.  Later, by agreement, the case was transferred to the Circuit Court of the City of Newport News.

The defendants filed pleas in bar asserting that the case should be dismissed on various theories.  Following consideration of the parties' briefs and oral arguments on the defendants' pleas in bar, the trial court concluded that the action was barred by the statute of limitations and dismissed the motion for judgment with prejudice.  The trial court's decision was based on its conclusion that Code § 8.01-275.1 was enacted to "eliminate the problems that the Supreme Court addressed in Clark v. [Butler Aviation, 238 Va. 506, 385 S.E.2d 847 (1989)]."[2]  Adopting a theory advanced by some of the defendants, the trial court construed Code § 8.01-275.1 to "eliminate the problems" by providing that service of process, if not completed within one year of the filing of an action, was "untimely," and, under those circumstances, the "only authority the Court should have is to determine if due diligence was exercised to have timely service effected on the defendants."  Applying that construction of Code § 8.01-275.1

Associates, Inc., were dismissed prior to entry of the trial court's judgment.

[2] Clark involved consideration and reconciliation of the provisions of Rule 3:3(c) and Code §§ 8.01-229(E)(3) and -380. 238 Va. at 508, 385 S.E.2d at 848.

2

to this case, the trial court concluded that because there was no service of process within twelve months of filing in the original action, the jurisdiction of the court in that action was limited to consideration of the plaintiff's due diligence in effecting service and, therefore, that court had no jurisdiction to consider the motion for the nonsuit.

On appeal Waterman assigns error to the trial court's construction of Code § 8.01-275.1.  Waterman asserts that the statute codified Rule 3:3(c) and did not abrogate the holding in Clark and its progeny.[3]  Having reviewed the relevant statutes, Rule 3:3(c), and case law, we conclude that Code § 8.01-275.1 did not limit the jurisdiction of the trial court as the trial court held and did not abrogate the principles of Clark and its progeny.

Code § 8.01-275.1 provides:

> Service of process in an action or suit within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant.  Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant.

---

[3] Although we have not specifically addressed the construction of the section, we have previously referred to Code § 8.01-275.1 as a codification of Rule 3:3. Frey v. Jefferson Homebuilders, Inc., 251 Va. 375, 377 n.1, 467 S.E.2d 788, 789 n.1 (1996); Gilbreath v. Brewster, 250 Va. 436, 442 n.3, 463 S.E.2d 836, 838 n.3 (1995).

Rule 3:3(c) provides in pertinent part:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

Any variance between a rule of court and a subsequently enacted statute must be construed to give effect to the statute. Code § 8.01-3(D). However, there is no variance between Rule 3:3(c) and Code § 8.01-275.1. Both of these provisions seek to promote a policy of timely prosecution of law suits and to avoid abuse of the judicial system. The statute, but not the rule, defines timely service as one year. However, the rule implies that timely service means service within one year. Both the rule and the statute allow a plaintiff to establish the exercise of due diligence to perfect service within the one year period. Thus, in the absence of any conflict or variance, there is no reason to conclude that the enactment of the statute nullified or invalidated any portion of the rule.

Similarly, there is no basis to conclude that the enactment of Code § 8.01-275.1 nullified or invalidated the cases construing Rule 3:3(c). The General Assembly is presumed to be aware of the decisions of this Court when enacting legislation. Dodson v. Potomac Mack Sales & Serv.,

4

*Inc.*, 241 Va. 89, 94, 400 S.E.2d 178, 180 (1991). In *Clark*, decided before the enactment of Code § 8.01-275.1, we held that failure to comply with the one year service provision of the rule did not preclude a trial court from granting a plaintiff's motion for nonsuit and that the refiled action was entitled to the tolling provisions of Code § 8.01-229(E)(3). Rule 3:3(c) "forbade entry of any judgment against [the defendant] in [the original] action, and the action ended with entry of the order allowing a nonsuit pursuant to Code § 8.01-380." *Clark*, 238 Va. at 511, 385 S.E.2d at 849. We have applied this holding in cases decided subsequent to the enactment of *Clark*. See, e.g., *Bremer v. Doctor's Bldg. P'ship*, 251 Va. 74, 81, 465 S.E.2d 787, 791 (1996).

In the absence of any action by the General Assembly addressing or altering the holding in *Clark*, we can only infer that the General Assembly did not intend to abrogate, nullify or otherwise invalidate the rule or case law decided pursuant to the rule.

The defendants also argue that the court did not have jurisdiction to enter the nonsuit order because there was no "active" or "personal" jurisdiction over the defendants in the original proceeding. This contention was addressed in *McManama v. Plunk*, 250 Va. 27, 458 S.E.2d 759 (1995). In that case, as in this, the defendant had not been served with

5

process when the trial court granted the plaintiff's motion for a voluntary nonsuit pursuant to Code § 8.01-380. When the action was refiled, the trial court held the nonsuit order would be binding on the defendant only if, among other things, the defendant had been served with process and was "'before a court with jurisdiction over the defendant's person.'" Id. at 31, 458 S.E.2d at 761. This Court reversed, stating that these conditions were not a prerequisite to the entry of a binding order of nonsuit. Id. at 32, 458 S.E.2d at 761. Thus, McManama stands for the proposition that a plaintiff can secure a valid voluntary nonsuit pursuant to Code § 8.01-380 even though there has been no service of process on the defendants.

The cases cited by some of the defendants in support of their position are inapposite because those cases all involve the authority of the court to enter a valid judgment on the merits. Here, as in McManama, the nonsuit order was not a judgment on the merits and the defendants were "not deprived of any . . . property interest, or prejudiced in any way" by the nonsuit order. Id. at 35, 458 S.E.2d at 763.

We have considered the other arguments put forth by defendants in support of the trial court's decision and find them without merit. Accordingly, for the reasons stated, we

6

will reverse the judgment of the trial court and remand the case for further proceedings.

<u>Reversed and remanded.</u>