# CIRCUIT COURT OF THE CITY OF NORFOLK

Mary E. Dixon

v.

Andrew C. Messer

August 21, 2001

Case No. (Law) L98-2682

BY JUDGE CHARLES D. GRIFFITH, JR.

This matter comes before the Court on Plaintiff's Motion for a Nonsuit, which was made on June 22, 2001. On July 10, 2001, Defendant made a Motion for the entry of an order denying Plaintiff's Motion. The Court reviewed the arguments made in support of and in opposition of said Motions, and, for the following reasons, the Court finds that Plaintiff's Motion should be sustained, and Defendant's Motion should be overruled.

On May 15, 1998, Plaintiff took a nonsuit as a matter of right. A party is entitled to one nonsuit as a matter of right as long as he or she makes that election before a motion to strike the evidence has been sustained, before the jury retires from the bar, or before the action has been submitted to the court for decision. Virginia Code § 8.01-380(A). "[T]he court may allow additional nonsuits . . . [and], in the event additional nonsuits are allowed, may assess costs and reasonable attorney's fees against the nonsuiting party." § 8.01-380(B). Although the Code prevents Plaintiff from obtaining more than one nonsuit as a matter of right, the Court is well within its discretion to grant a second nonsuit and assess costs and reasonable attorney's fees against Plaintiff. Virginia Code § 8.01-380(B). Plaintiff's Motion for a Nonsuit was made prior to trial, so it is not precluded by the occurrences listed in § 8.01-380(A). Furthermore, there is no cross-claim, counterclaim, or third-party claim pending, which could preclude the granting of a nonsuit under § 8.01-380(D).

Defendant argues that "the plaintiff offered no ground for asking for the second nonsuit." Defendant's Motion at 1. He also implies that, because Plaintiff failed to exercise due diligence to timely serve him with her Second Motion for Judgment, she should be precluded from obtaining a second nonsuit. *Id.* Defendant cites Virginia Rule 3:3 and § 8.01-275.1 in arguing that "a showing of due diligence by the plaintiff [is required] to maintain a viable claim." *Id.* Rule 3:3 states that "[n]o judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him." Similarly, § 8.01-275.1 states that "[s]ervice of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant."

Plaintiff filed her second Motion for Judgment on or about October 29, 1998, which was within six months of the first nonsuit order. On September 21, 1999, Plaintiff's attorney requested that service be effectuated through the Secretary of the Commonwealth. Exhibit 5 to Defendant's Memorandum in Support of Special Plea of Lack of Jurisdiction (Defendant's Memorandum). On the affidavit for service, Plaintiff's attorney affirmed that Defendant was a non-resident and listed what he thought was Defendant's business address of 6920 Van Dorn Street, Lincoln, Nebraska. *Id.* On October 20, 1999, the necessary papers were mailed to Defendant at that address. *Id.* However, Defendant did not receive service because, according to his affidavit, he relocated his business to a new address. Exhibit 2 to Defendant's Memorandum. As such, he argues that Plaintiff failed to properly serve him within one year after the action was commenced and Plaintiff must therefore show that she exercised due diligence to have timely service rendered. Defendant's Motion; Transcript of Proceedings before the Honorable Charles D. Griffith, Jr., June 22, 2001, p. 16, ll. 8-24.

Defendant claims that he neither received service of process nor was informed that the Plaintiff's Motion for Judgment was served at his prior business address. Exhibit 2 to Defendant's Memorandum. He also claims that his new business address was listed in the telephone directory and newspaper advertisements. *Id.* Defendant's home address was also listed in the telephone directory. *Id.* Therefore, Defendant argues, Plaintiff "obviously realizes that she did not use due diligence to serve the defendant in the present action and now desires a second nonsuit." Defendant's Motion.

The Virginia Supreme Court has addressed this issue in similar cases. In *Clark v. Butler Aviation*, 238 Va. 506, 385 S.E.2d 874 (1989), the defendant

368 Va. at 511, 385 S.E.2d at 849. "Rule 3:3 forbade

was not served process within one year of the plaintiff's filing his original Motion for Judgment. The trial court granted a voluntary nonsuit to the plaintiff, who filed a second Motion for Judgment. After the plaintiff had perfected service on the defendant, the latter filed a plea in bar arguing that the claim was barred by Rule 3:3 and the applicable statute of limitations. The plaintiff contended that Code § 8.01-229(E)(3) allowed him to refile within six months, notwithstanding Rule 3:3. The Court resolved this conflict by holding that the failure to comply with the one year service provision of Rule 3:3 did not preclude the trial court from granting plaintiff's motion for a nonsuit and the refiled action was entitled to the tolling provisions of Code § 8.01-229(E)(3). *Id.*, 238 Va. at 511, 385 S.E.2d at 849. "Rule 3:3 forbade entry of any judgment against Butler in that action, and the action ended with the entry of the order allowing a nonsuit pursuant to Code § 8.01-380." *Id.*

It is clear from the Virginia Supreme Court's reasoning in *Clark* that noncompliance with Rule 3:3 does not, alone, preclude the entry of an order of nonsuit. Additionally, the Virginia Supreme Court has concluded that Code § 8.01-275.1 neither limits the jurisdiction of trial courts to consider nonsuit motions nor abrogates the principles of *Clark* and its progeny. *Waterman v. Halverson*, 261 Va., 203, 540 S.E.2d 867 (2001).[1] Therefore, trial courts retain jurisdiction to enter nonsuits despite a plaintiff's failure to serve process on the defendant within one year of the commencement of the action. As such, even if there was no service of process on Defendant in the instant case, this Court retains the discretion to grant Plaintiff's nonsuit.

In *McManama v. Plunk*, 250 Va. 27, 458 S.E.2d 759 (1995), the defendant had not been served with process when the trial court granted the plaintiff's motion for a voluntary nonsuit. When the action was refiled, the trial court held that the nonsuit order would only be binding on the defendant if, among other things, he had been served with process. *Id.* at 31, 458 S.E.2d at 761. The Virginia Supreme Court reversed and held that service of the defendant was not a prerequisite to the entry of a binding order of nonsuit. *Id.* at 32, 458 S.E.2d at 761. That Court stated:

---

[1] In *Waterman*, the trial court concluded that because there was no service of process within twelve months of filing, its jurisdiction was limited to consideration of the plaintiff's due diligence in effecting service and, therefore, it had no jurisdiction to consider the plaintiff's nonsuit motion. The Virginia Supreme Court disagreed and reversed and remanded the case for further proceedings. This is of particular note because, in the instant case, Defendant appears to make a similar argument.

The trial court erroneously placed limitations on the plaintiff's right to the voluntary nonsuit when it ruled that defendant "must first had to have been served with process, must have been before a court with jurisdiction over the defendant's person, and the defendant must have been given notice of hearing and an opportunity to be heard." None of these requirements is found in the applicable statutes, and a court should not add them by judicial fiat.

*Id.* at 32, 458 S.E.2d at 762.

Although the above-cited cases all involved initial nonsuits, the Virginia Supreme Court did not expressly limit the holdings to only those cases involving nonsuits taken as a matter of right. The same analysis logically applies to additional nonsuits granted in the Court's discretion. "[A] plaintiff can secure a valid voluntary nonsuit pursuant to Code § 8.01-380 even though there has been no service of process on the defendant." *Waterman*, 261 Va. at 208.

The Court is not persuaded by Defendant's argument that Plaintiff stated no legitimate basis for her Motion. Virginia Code § 8.01-380 does not require Plaintiff to set forth any such basis; rather, it grants trial courts the discretion to grant additional nonsuits. In exercising its discretion, the Court grants Plaintiff's request for an additional nonsuit. The Court finds that Plaintiff did, in fact, exercise due diligence. Plaintiff elected to attempt service upon Defendant at his last known business address. Plaintiff received a return receipt that, on its face, appeared proper. Only upon receiving no answer from the Defendant did Plaintiff realize that she may not have obtained service. Upon that realization, Plaintiff directly communicated with Defendant's last known attorney. The Court finds that Plaintiff's failure to obtain proper service was not the result of inattentiveness nor was it deliberate.

Furthermore, the Court finds no merit in Defendant's suggestion that granting Plaintiff's Motion would be both extraordinary and to his substantial detriment. Defendant is not being deprived of any property interest or prejudiced in any way by the grant of an additional nonsuit, as his costs and reasonable attorney's fees shall be reimbursed by Plaintiff.

For the reasons stated above, it is the ruling of this Court that Plaintiff's Motion for a Nonsuit is sustained, with Defendant's costs and reasonable attorney's fees paid by Plaintiff. Defendant's Motion in opposition is overruled. Counsel for Plaintiff shall contact Defendant's counsel regarding Defendant's accrued costs and attorney's fees. If there is a disagreement regarding the costs and/or fees, counsel for Plaintiff shall schedule a hearing before this Court regarding the same.