# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Veronica George

v.

Deborah Aylward,
Administratrix
of the Estate of
Mary V. Zirk,
deceased

August 27, 2003

Case No. (Law) 56327

By Judge Rossie D. Alston, Jr.

This matter comes on Defendant's Plea in Bar. The issue in this case is whether the Plaintiff's Amended Motion for Judgment is time barred by the applicable statute of limitations. Both counsel have filed exhaustive and thorough briefs on the issue before the court. It appears that the unusual facts in the matter make the precise issue presented one of first impression.

After considering the arguments presented by the parties, it is the judgment of the court that the Defendant's Plea in Bar must be sustained. Accordingly, the Plaintiff's claim is barred by the statute of limitations.

This factual chronology of the matter is critical.

A two-car accident occurred on May 5, 1998, on Route 234 in the City of Manassas, Virginia. The Plaintiff, Veronica George, was operating a vehicle that struck the rear of a vehicle being operated by Mary V. Zirk. On May 4, 2000, one day prior to the expiration of the statute of limitations, the Plaintiff's prior counsel filed a Motion for Judgment against Mary Zirk in this court. The lawsuit sought an award of money damages for personal injuries

allegedly suffered by the Plaintiff as a result of the accident. The Plaintiff did not serve Mary Zirk with this suit.

On June 4, 2001, Mary Zirk died of a medical condition unrelated to the automobile accident at issue in this litigation. The lawsuit pending against Mary Zirk filed by the Plaintiff essentially lay dormant for an additional eleven months after Ms. Zirk's death. On or about May 3, 2002, the Plaintiff retained new counsel and this court granted the Plaintiff a voluntary nonsuit of the original Motion for Judgment. On May 23, 2002, the Plaintiff refiled her Motion for Judgment naming "*Mary V. Zirk*" as the defendant. On February 24, 2003, upon action taken by Plaintiff's new counsel, the Frederick County Circuit Court named Deborah Aylward as Administratrix of the Estate of Mary Virginia Zirk, deceased. On March 14, 2003, this court allowed the Plaintiff to file, without objection, an Amended Motion for Judgment, substituting "*Deborah Aylward, Administratrix of the Estate of Mary Zirk,*" for "*Mary Zirk*" as Defendant. On or about March 14, 2003, the Plaintiff filed the Amended Motion for Judgment with this court.

As a matter of law, the Order of Nonsuit entered on May 3, 2002, ended the first action, which, while properly filed, was filed within one day of the expiration of the statute of limitations period. Upon taking her first voluntary nonsuit, the Plaintiff had six months to file a new motion for judgment. Va. Code § 8.01-229(E)(3) provides that "[i]f a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation … whichever period is longer." The Plaintiff then filed a second Motion for Judgment on May 23, 2002, just twenty days after nonsuiting the first action and well within the six month period prescribed by § 8.01-229(E)(3), but named "*Mary Zirk*," a dead person, as defendant.

The crux of this court's opinion rests on the fact that the personal representative was not substituted for Mary Zirk until March 14, 2003. In this court's view, the personal representative should have been substituted by November 3, 2002, six months from the date of nonsuit. The failure of this procedural prerequisite fatally flaws the viability of the Second Motion for Judgment.

The harsh reality of the facts in this case points to the failure of the Plaintiff's first counsel to serve the first Motion for Judgment within one year as prescribed by Rule 3:3. While the Plaintiff was well within her procedural

prerogative to nonsuit the first Motion for Judgment, this particular action was accomplished *two years* after filing the original Motion for Judgment. In hindsight, one could surmise, that, if the Plaintiff, through her first counsel, had served Mary Zirk with the original action, upon Ms. Zirk's death, a personal representative could have been appointed and substituted even if a voluntary nonsuit was taken.

The Plaintiff cites *McManama v. Plunk*, 250 Va. 27, 458 S.E.2d 759 (1995), for the proposition that this action is timely. In that case, which was also a personal injury case, the car accident occurred on September 5, 1998. The first Motion for Judgment was filed on August 27, 1990. At the time of filing, the counsel for Plaintiff indicated to the court that no service was to be accomplished on the defendant and ultimately never served the defendant with process. On February 26, 1991, the defendant was killed while on active military duty. On July 30, 1991, Doris Plunk qualified as Administratrix for the estate of the decedent. A voluntary nonsuit was taken on August 29, 1991. A second Motion for Judgment was filed on the same cause of action, naming the personal representative of the deceased defendant. On February 6, 1992, the plaintiff filed a third Motion for Judgment against the same defendant. On February 19, 1992, plaintiff sought to substitute the personal representative for the named defendant. The Supreme Court rejected the trial court's findings and determined that both the second and third actions were timely as both were filed within the six month extension.

However, this case is distinguishable from *McManama v. Plunk*. In *McManama;* the Supreme Court of Virginia ruled that a Plaintiff filed a proper action after taking a nonsuit when he filed *within the six-month extension* granted by § 8.01-229(E)(3). This case is distinguishable from *McManama* on that very point. The Plaintiff in this case did not file an action naming a proper party until March 14, 2003, more than nine months after the court granted her the voluntary nonsuit.

Further, in *McManama*, the filing of a third action, "against a known dead person," was not a nullity. *McManama*, 250 Va. at 35, 458 S.E.2d at 763. In

---

[1] This is not to suggest the court's reasoning is based on the Plaintiff's failure to file the first action. A voluntary nonsuit may be granted where there has been no service of process on the defendant. *Waterman v. Halverson*, 261 Va. 203, 208, 540 S.E.2d 867, 869 (2001). The fact that the first Motion for Judgment was never served and the passage of time simply made it more likely that the Plaintiff would not have learned of Mary Zirk's death.

that case, the personal representative was substituted as a party defendant. But the court in *McManama* asserted that § 8.01-229(B)(2)(b) applied. *McManama*, 250 Va. at 35, 458 S.E.2d at 763-64 (1995). Section 8.01-229(B)(2)(b) states, "If a person against whom a personal action may be brought dies before suit papers naming such person as defendant have been filed with the court, then such suit papers may be amended to substitute the decedent's personal representative as party defendant before the expiration of the applicable statute of limitations period. . . ."

While an Amended Motion for Judgment was eventually filed naming the personal representative as the defendant in the instant case, *the action succeeding the nonsuit was filed naming the dead person*. Thus, § 8.01-229(B)(2)(b) does not apply. This is the critical distinction between the case at bar and *McManama*.

Lastly, this is not a case where the "misnomer" provision of § 8.01-6 applies. Section 8.01-6 states:

> A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

"Misnomer arises when the right person is incorrectly named, not where the wrong defendant is named." *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996).

In this case, the wrong defendant was named in the second Motion for Judgment. The second Motion for Judgment named as defendant Mary Zirk, who had been dead for ten months. As in *Swann* where the court held that a personal representative of a decedent and the decedent's "estate" are two

separate entities, in this case, the decedent and the personal representative are two separate individuals. Thus, one cannot be substituted for another under the concept of correcting a misnomer. *Swann*, 252 Va. at 184, 476 S.E.2d at 172 (1996).

At oral argument, the Plaintiff argued that it would be a "manifest injustice" to bar this action. While prejudice may be a factor to be considered in applying these statutory exceptions, a court is not free to ignore the applicable legal principles to correct what may be perceived as a manifest injustice. A court cannot offset prejudice considerations to determine whether a statute of limitations should be applied. *Rivera v. Witt*, 257 Va. 280, 283, 512 S.E.2d 558, 560 (1999). To not bar this suit would be contrary to the established principle that statutes of limitations are strictly enforced and must be applied unless the General Assembly has clearly created an exception to their application. *Arrington v. People Sec. Life Ins. Co.*, 250 Va. 52, 55, 458 S.E.2d 289, 290-91 (1995).

To toll the statute of limitations, a lawsuit must be filed against a proper party. *Swann*, 252 Va. at 184, 476 S.E.2d at 171 (1996). To protect the statute of limitations in this action, the Plaintiff was obligated to name the personal representative of the deceased within the six-month period following her voluntary nonsuit. As unfortunate as it may be, Plaintiff did not.

Accordingly, the Defendant's Plea in Bar is sustained and the Plaintiff's action is dismissed with prejudice.