COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA, DEPARTMENT
  OF PROFESSIONAL AND OCCUPATIONAL
  REGULATION, REAL ESTATE BOARD
                                                    MEMORANDUM OPINION* BY
v.       Record No. 0258-10-1                       JUDGE ROBERT J. HUMPHREYS
                                                         OCTOBER 19, 2010
SANDRA BRYANT DeLAPP


                FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              Frederick B. Lowe, Judge

                    Steven P. Jack, Assistant Attorney General (Kenneth T. Cuccinelli,
                    II, Attorney General, on brief), for appellant.

                    Brandon H. Zeigler (Kellam T. Parks; Wolcott Rivers Gates, on
                    brief), for appellee.


        The Real Estate Board of the Commonwealth of Virginia ("Board") appeals from an

order of the Circuit Court of the City of Virginia Beach ("circuit court") suspending the Board's

revocation of Sandra Bryant DeLapp's ("DeLapp") license, and remanding to the Board to allow

DeLapp to establish that she is fit to maintain her license despite her overall prior criminal

record, and for the Board to reconsider its decision.  Specifically, the Board contends that the

circuit court erred in finding that the Board violated DeLapp's due process rights when it failed

to provide her proper notice in accordance with the Virginia Administrative Process Act and

constitutional standards.  For the following reasons, we agree with the Board, reverse the

decision of the circuit court, and remand.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

The facts relevant to this appeal are as follows.  On July 23, 2008, DeLapp, a licensed real estate agent, was found guilty in the Circuit Court of the City of Virginia Beach of driving under the influence of alcohol or drugs, third or subsequent offense within a ten-year period, a felony.  On August 23, 2008, DeLapp reported this third driving under the influence ("DUI") conviction to the Board since she had been licensed to practice real estate in Virginia since 2001.  An investigation was initiated as a result of this report, and on September 30, 2008, a report of finding was prepared by a Board investigator who found probable cause that DeLapp had violated 18 VAC 135-20-260(5), and included the language of 135-20-260(5) which provides that "[r]eview of convictions shall be subject to the requirements of § 54.1-204 of the Code of Virginia."  The matter was then referred for an informal fact-finding conference ("IFFC") regarding the alleged violation.

On December 10, 2008, the Board notified DeLapp of the IFFC by a notice of informal fact-finding conference.  The notice informed DeLapp of her procedural rights under the Virginia Administrative Process Act and included verbatim the language of Code § 54.1-204(A), (B), and (D). [1]  On January 5, 2009, DeLapp requested that the IFFC be rescheduled.  The Board granted

---

[1] Code § 54.1-204:

    A.  A person shall not be refused a license, certificate or registration to practice, pursue, or engage in any regulated occupation or profession solely because of a prior criminal conviction, unless the criminal conviction directly relates to the occupation or profession for which the license, certificate or registration is sought.  However, the regulatory board shall have the authority to refuse a license, certificate or registration if, based upon all the information available, including the applicant's record of prior convictions, it finds that the applicant is unfit or unsuited to engage in such occupation or profession.

this request, and on January 8, 2009, notified DeLapp by letter that the matter had been

rescheduled for February 11, 2009. This letter also noted that "the Notice and Report of

B. In determining whether a criminal conviction directly relates to an occupation or profession, the regulatory board shall consider the following criteria:

1. The nature and seriousness of the crime;

2. The relationship of the crime to the purpose for requiring a license to engage in the occupation;

3. The extent to which the occupation or profession might offer an opportunity to engage in further criminal activity of the same type as that in which the person had been involved;

4. The relationship of the crime to the ability, capacity or fitness required to perform the duties and discharge the responsibilities of the occupation or profession;

5. The extent and nature of the person's past criminal activity;

6. The age of the person at the time of the commission of the crime;

7. The amount of time that has elapsed since the person's last involvement in the commission of a crime;

8. The conduct and work activity of the person prior to and following the criminal activity; and

9. Evidence of the person's rehabilitation or rehabilitative effort while incarcerated or following release.

* * * * * * *

D. A regulatory board or department shall consider the criminal information as contained in the applicant's state or national criminal history in lieu of the applicant providing certified copies of such court records in determining whether a criminal conviction directly relates to an occupation or profession or if an applicant is unfit or unsuited to engage in an occupation or profession. The regulatory board or department may request additional information from the applicant in making such determination.

- 3 -

Findings were previously sent to you; therefore, I have not enclosed an additional copy. Please note that all testimony will be confined to the regulatory issues as cited."

On February 11, 2009, the IFFC was held ("IFFC 1") at which DeLapp was present along with her counsel and witnesses. DeLapp and her witnesses testified and presented evidence at the IFFC 1. At this hearing, DeLapp agreed that she was informed prior to the conference that the "extent and nature of her prior criminal record" would be considered. The presiding hearing officer prepared a summary of the IFFC 1, and found that DeLapp had violated 18 VAC 135-20-260(5) and recommended that the Board revoke her license. The summary of the IFFC 1 specifically notes that the recommendation is "[b]ased upon the evidence and the [IFFC 1], and in consideration of the criteria outlined in Virginia Code § 54.1-204." The summary then proceeds to review each of the factors set forth in Code § 54.1-204(B), states the charge against DeLapp, and discusses the facts that could support an adverse decision against DeLapp.

On March 26, 2009, the Board met and considered DeLapp's case. DeLapp was present at this meeting along with her attorney and witnesses who were given the opportunity to address the Board. The Board reviewed the record before it, which consisted of the investigative file, transcript, exhibits, and the summary of the IFFC 1. The Board voted to ultimately withdraw the initial finding of a violation, and unanimously voted to remand the case for another IFFC to "obtain additional information including evidence of continued sobriety, and information from Ms. DeLapp's probation officer regarding terms of her probation." On April 14, 2009, the Board sent a notice to DeLapp regarding this second IFFC ("IFFC 2").

On May 13, 2009, DeLapp was present with witnesses at the IFFC 2, and submitted additional documentary evidence and written testimony. The hearing officer again prepared a summary of the IFFC 2, and recommended that DeLapp's license be revoked. The same recommendation was made "[i]n consideration of all the information gathered by the Board's

agent and the two [IFFCs] . . . [and] [b]ased upon the evidence and the [IFFCs], and in consideration of the criteria outlined in Virginia Code § 54.1-204." The IFFC 2 summary also reviews each factor set forth in Code § 54.1-204(B), and concludes that "[b]ased on the reasoning set forth above, I believe DeLapp has repeatedly demonstrated she can not be trusted to follow the law, orders from a court, or terms of probation. DeLapp has demonstrated she can not be trusted to follow the regulations of the Board." At both IFFCs, the representative of the Department of Professional and Occupational Regulations informed DeLapp that the presiding officer at the IFFC merely makes a recommendation to the Board, but the final decision is up to the Board. Code §§ 54.1-105, -2105(A).

On July 9, 2009, the Board met and again considered DeLapp's case. DeLapp and the witnesses who were present at the IFFC 2 were present at this meeting and given the opportunity to address the Board. The Board reviewed the agency record, which consisted of the investigative file, transcript, and exhibits from the IFFCs, and the summaries prepared from both IFFCs. The Board unanimously voted to accept the hearing officer's recommendation, found a violation of 18 VAC 135-20-260(5), and revoked DeLapp's license.

On July 17, 2009, DeLapp filed an appeal with the circuit court. The circuit court held a hearing on September 29, 2009, and issued a letter ruling on October 23, 2009. In that letter ruling, the circuit court found that the Board did not put DeLapp on notice that her case would be evaluated based on her entire pattern of criminal convictions, and remanded the matter back to the Board "for further hearing to permit DeLapp to establish that she is not unfit for licensure despite her criminal record, and for reconsideration of the sanction accordingly." Specifically, the ruling states that "[a]lthough DeLapp's entire criminal record was readily available at the time the Report of Findings was prepared, the Report gave no indication that she was being charged with generally being unfit based upon the entirety of her record."

- 5 -

On November 3, 2009, the Board filed a motion for reconsideration and a motion to supplement the agency record due to the December 10th initial notice not being in the record. The circuit court held a hearing on January 8, 2010, and granted the Board's motion to supplement, added the initial notice to the record, but denied the motion to reconsider in light of the additional evidence. The final order was entered on January 8, 2010, and incorporated the letter ruling of October 23, 2009, and the bench ruling of January 8, 2010. The final order holds that "De[L]app was not given proper notice that a regulatory violation and determination of unfitness would be based on the totality of the circumstances but was only on notice that the matter would be decided based upon any direct relationship between her most recent conviction and her profession."

This appeal followed.

## II. ANALYSIS

### A. Standard of Review

Code § 2.2-4027 of the Virginia Administrative Process Act ("VAPA") authorizes judicial review of an agency decision. "On appeal of an administrative agency's decision, 'the party complaining of an agency action has the burden of demonstrating an error of law subject to review." Volkswagen of Am., Inc. v. Quillian, 39 Va. App. 35, 49, 569 S.E.2d 744, 751 (2002) (quoting Hilliards v. Jackson, 28 Va. App. 475, 479, 506 S.E.2d 547, 549 (1998)), rev'd on other grounds sub nom, Volkswagen of America, Inc. v. Smit, 266 Va. 444, 587 S.E.2d 526 (2003).

> Judicial review of an agency decision is limited to determining "1. [w]hether the agency acted in accordance with law; 2. [w]hether the agency made a procedural error which was not harmless error; and 3. [w]hether the agency had sufficient evidential support for its findings of fact." [Johnston-Will's, Ltd. v. Kenley, 6 Va. App. 231, 241, 369 S.E.2d 1, 6 (1988)]. On reviewing the claims of error, an agency's factual determination is given substantial judicial deference, and is reviewed "only for whether they have support in substantial evidence."

Commonwealth ex rel. Va. State Water Control Bd. v. Blue Ridge Envtl. Def. League, Inc., 56

Va. App. 469, 480, 694 S.E.2d 290, 296 (2010) (quoting Mazloumi v. Dep't of Envtl. Quality, 55

Va. App. 204, 208-09, 684 S.E.2d 852, 854 (2009)).

However, the deference accorded an agency's decision on legal issues differs.

> [W]here the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts. "The rationale of the statutory scheme is that the [administrative agency] shall apply expert discretion to matters coming within its cognizance, and judicial interference is permissible only for relief against the arbitrary or capricious action that constitutes a clear abuse of the delegated discretion. The reviewing judicial authority may not exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function." Va. Alcoholic Beverage Control Comm'n v. York St. Inn, Inc., 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979).

Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 243-44, 369 S.E.2d 1, 8 (1988).

Whereas, "'[i]f the issue falls outside the area generally entrusted to the agency, and is

one in which the courts have a special competence, i.e., the common law or constitutional law

. . . ,'" the Court does not defer to the agency's interpretation. Id. at 243, 246, 369 S.E.2d at 8, 9

(quoting Hi-Craft Clothing Co. v. NLRB, 660 F.2d 910, 914-15 (3rd Cir. 1981)).

> Hence, where the issues to be reviewed on appeal involve, for example, the constitutionality of a statute, pure statutory interpretation, or the question of "whether an agency has . . . accorded constitutional rights, failed to comply with statutory authority, or failed to observe required procedures, less deference is required and the reviewing courts should not abdicate their judicial function and merely rubber-stamp an agency determination."

Quillian, 39 Va. App. at 50, 569 S.E.2d at 751 (quoting Johnston-Willis, Ltd., 6 Va. App. at 243,

369 S.E.2d at 7-8).

B. Due Process Rights

The Board argues that the circuit court erred in holding that the Board violated DeLapp's due process rights when it did not provide her with proper notice in accordance with the VAPA that the Board would consider all of her prior criminal activity in reaching its decision to revoke her license. We agree.

Article I, § 11 of the Constitution of Virginia provides that "no person shall be deprived of his life, liberty, or property without due process of law." "Due process is flexible and calls for such procedural protections as the particular situation demands. . . . The fundamental requisite of due process of law is the opportunity to be heard." Quillian, 39 Va. App. at 66, 569 S.E.2d at 760 (citations and internal quotation marks omitted). "Procedural due process guarantees that a person shall have reasonable notice and opportunity to be heard before any binding order can be made affecting the person's rights to liberty or property." McManama v. Plunk, 250 Va. 27, 34, 458 S.E.2d 759, 763 (1995). "The procedural due process guarantee does not create constitutionally protected interests; rather, it provides procedural safeguards against government's arbitrary deprivation of certain interests." Id.

> Accordingly, "when procedural due process respecting deprivation of a property interest is challenged, a two-step inquiry is employed." McManama v. Plunk, 250 Va. 27, 34, 458 S.E.2d 759, 763 (1995) (citing Klimko v. Va. Employment Comm'n, 216 Va. 750, 754, 222 S.E.2d 559, 563 (1976)). "'The first inquiry is whether the interest is a property interest protected by procedural due process guarantees.'" Id. (quoting Klimko, 216 Va. at 754, 222 S.E.2d at 564); see also Mandel v. Allen, 81 F.3d 478, 480 (4th Cir. 1996) ("In order to state a due process claim, appellant 'must first demonstrate that [they] possess[] a "cognizable property interest, rooted in state law" in the lost benefit.'" (quoting Biser v. Town of Bel Air, 991 F.2d 100, 103-04 (4th Cir. 1993) (quoting Scott v. Greenville County, 716 F.2d 1409, 1418 (4th Cir. 1983))) (alterations in original)). If the property interest is constitutionally-protected, the second inquiry "'is whether the procedures prescribed or applied are sufficient to satisfy the due

- 8 -

process "fairness" standard.'" McManama, 250 Va. at 34, 458
S.E.2d at 763 (quoting Klimko, 216 Va. at 754, 222 S.E.2d at 564).

Va. Dep't of Corr. v. Compton, 47 Va. App. 202, 221, 623 S.E.2d 397, 406 (2005).

In this case, neither party contests the issue of whether DeLapp had a protected property interest in her real estate license.[2] Therefore, the Board was required to follow procedural due process requirements when revoking DeLapp's real estate license. Thus, we must determine whether adequate procedural safeguards were provided under the circumstances of this case.

The Board contends that the initial notice clearly notified DeLapp that the Board would consider her past criminal activity, and also that its determination might be based on either or both Code § 54.1-204(A) and (B). The Board further contends that she knew the facts in the agency's possession and the scope of the inquiry because she was present at the meetings and addressed her past criminal history.

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *The notice must be of such nature as reasonably to convey the required information*, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied."

---

[2] Although neither party contests the issue, there can be no doubt that DeLapp had a property interest in her real estate license. See Barry v. Barchi, 443 U.S. 55, 64 (1979) (holding a horse trainer had property interest in license); see also Becker v. Illinois Real Estate Admin. & Disciplinary Bd., 884 F.2d 955, 957 (7th Cir. 1989) ("We conclude that the business of selling real estate . . . falls within the realm of occupations deemed to be 'common occupations of the community' and as such is entitled to due process protection."); Keeley v. Commonwealth, 501 A.2d 1155, 1157 (Pa. Commw. Ct. 1985) ("Our examination of the Act convinces us that the former holder of a revoked real estate license retains no property interest in that license once it has been revoked by the Commission through a procedure consistent with due process."). But see Mohlen v. United States, 74 Fed. Cl. 656, 662 n.2 (2006) ("Therefore, as the Real Estate License was subject to revocation at will, was not exclusive, and was not transferable, it did not grant Ms. Mohlen a property interest.").

Quillian, 39 Va. App. at 66-67, 569 S.E.2d at 760 (emphasis added) (quoting Oak Hill Nursing

Home, Inc. v. Back, 221 Va. 411, 417, 270 S.E.2d 723, 726 (1980)) (holding notice was

adequate where party had notice of the factual and legal basis of the charges which it had to

defend itself against through the complaint which included a statutory cite and reference to an

allocation method allegedly violating the relevant statute).

The circuit court held that the report of findings prepared from the IFFC, "gave no

indication that she was being charged with generally being unfit based upon the entirety of her

record" because it only cited to 18 VAC 135-20-260(5) and DeLapp's third DUI conviction.  The

circuit court concluded that the notice to DeLapp did not satisfy due process given the actual

approach taken in the IFFC proceedings and summaries and the Board in basing its decision on

her generally being unfit based on her entire criminal record.  We disagree.

The initial notice set forth DeLapp's rights pursuant to Code § 2.2-4019(A),[3] the grounds

for disciplinary actions under 18 VAC 135-20-155, the actual language of Code § 54.1-204(A),

(B), and (D), and the fact that the Board is required to consider the provisions of Code § 54.1-204

in making its determination.  The notice also states that the purpose of the IFFC "is to inform

---

[3] Code § 2.2-4019(A) provides that "[a]gencies shall ascertain the fact basis for their decisions of cases through informal conference or consultation proceedings unless the named party and the agency consent to waive such a conference or proceeding to go directly to a formal hearing."  Code § 2.2-4019(A) goes further and codifies the notice requirements for IFFCs providing that IFFC

> procedures shall include rights of parties to the case to (i) have reasonable notice thereof, (ii) appear in person or by counsel or other qualified representative before the agency or its subordinates, or before a hearing officer for the informal presentation of factual data, argument, or proof in connection with any case, (iii) have notice of any contrary fact basis or information in the possession of the agency that can be relied upon in making an adverse decision, (iv) receive a prompt decision of any application for a license, benefit, or renewal thereof, and (v) be informed, briefly and generally in writing, of the factual or procedural basis for an adverse decision in any case.

you that the Board is initiating an [IFFC] in order to obtain the facts necessary to make a decision regarding the regulatory issues involved in this matter."

The notice further references the report of findings for the alleged regulatory violations that would be addressed during the IFFC. In looking at the report of findings, it sets forth that the alleged violation was under 18 VAC 135-20-260,[4] "Unworthiness and Incompetence," and the report includes the entire language of this regulation, which specifically includes that the review "shall be subject to the requirements of § 54.1-204 of the Code of Virginia." 18 VAC 135-20-260(5).

A reasonable reading of the initial notice clearly indicates that DeLapp's prior criminal record would be before the Board and that it was actually required to consider it. Code § 54.1-204(A) provides that "[t]he regulatory board shall have the authority to refuse a license, certificate or registration if, based upon all the information available, including the applicant's record of prior convictions, it finds that the applicant is unfit or unsuited to engage in such occupation or profession." Further, Code § 54.1-204(B) lists criteria that the Board shall consider, and number five includes "[t]he extent and nature of the person's past criminal activity." Not only was this language included in the initial notice, but DeLapp was also present

---

[4] 18 VAC 135-20-260(5):

> Having been convicted or found guilty, regardless of the manner of adjudication in any jurisdiction of the United States of a misdemeanor involving moral turpitude, sexual offense, drug distribution or physical injury, or any felony, there being no appeal pending therefrom or the time for appeal having elapsed. Review of convictions shall be subject to the requirements of § 54.1-204 of the Code of Virginia. Any plea of nolo contendere shall be considered a conviction for purposes of this subdivision. The record of a conviction certified or authenticated in such form as to be admissible in evidence under the laws of the jurisdiction where convicted shall be admissible as prima facie evidence of such conviction or guilt.

- 11 -

at the initial IFFC where she was asked about her prior criminal activity, where her prior criminal record was included in the agency record, and where she agreed that she was informed prior to the conference that the "extent and nature of her prior criminal record" would be considered.

Lastly, while the Board remanded the case to hold another IFFC to "obtain additional information including evidence of continued sobriety, and information from Ms. DeLapp's probation officer regarding terms of her probation," this was to merely obtain "additional information" and did not do away with the initial notice, record, or findings from the previous IFFC. In fact, when the Board heard the case again after the IFFC 2, it reviewed the entire agency record which included the investigative file, transcripts, and exhibits from *both* IFFCs, and the summaries prepared from *both* IFFCs.

The notice in this case was "'timely and reasonably specific,' informed [DeLapp] 'of the subjects to be considered at the hearing,' and provided [her] with 'an opportunity to prepare a defense to the [pending] charges." Va. Dep't of Corr., 47 Va. App. at 223, 623 S.E.2d at 407. Accordingly, we hold the notice reasonably conveyed the required information sufficient to satisfy the due process requirements, and thus the trial court erred in holding the Board violated DeLapp's procedural due process rights. Therefore, we reverse and remand to the circuit court with direction that it reinstate the judgment of the Board revoking DeLapp's real estate license.

Reversed and remanded.