UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Chafin and Senior Judge Aunnunziata


BALWANT SINGH GORAYA

                                                        MEMORANDUM OPINION[*]
v.      Record No. 1583-13-4                                   PER CURIAM
                                                        DECEMBER 27, 2013
VIRGINIA DEPARTMENT OF TRANSPORTATION/
 COMMONWEALTH OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Joseph F. Cunningham; Laura J. Johnston; Robert J. Gastner;
            Cunningham & Associates, PLC, on briefs), for appellant.

            (Kenneth T. Cuccinelli, II, Atttorney General; Wesley G. Russell, Jr.,
            Deputy Attorney General; Peter R. Messitt, Senior Assistant
            Attorney General; Scott John Fitzgerald, Senior Assistant Attorney
            General, on brief), for appellee.


        Balwant Singh Goraya (claimant) appeals a July 26, 2013 decision of the Workers'

Compensation Commission affirming a deputy commissioner's letter ruling concluding claimant

failed to request a review of a June 7, 2011 deputy commissioner decision denying his claim for

permanent total disability benefits.  Claimant contends the commission "violated [his] due

process rights by failing to provide him with adequate notice of its adverse decision with respect

to his request for permanent total disability benefits."

        We have reviewed the record and the commission's opinion and find that this appeal is

without merit.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In its July 26, 2013 opinion, the commission affirmed the deputy commissioner's conclusion that claimant had failed to request a review of the deputy commissioner's June 7, 2011 decision.

At no point did claimant argue before the commission, as he now does on appeal to this Court, that he was denied due process by not being provided adequate notice of the deputy commissioner's adverse decision. He never alleged a due process violation and did not challenge the statutes governing the commission's dissemination of decisions.

Under Rule 5A:18,

> No ruling of . . . the Virginia Workers' Compensation Commission
> will be considered as a basis for reversal unless an objection was
> stated with reasonable certainty at the time of the ruling, except for
> good cause shown or to enable the Court of Appeals to attain the
> ends of justice.

"The primary function of Rule 5A:18 is to alert the [commission] to possible error so that the [commission] may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals [and] reversals . . . ." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*) (citing Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*)). Here, the commission was not provided the opportunity to consider the arguments claimant now makes on appeal.

In his reply brief, claimant asserts we should address this issue under the "ends of justice" exception to Rule 5A:18.

"Rule 5A:18 allows exceptions for good cause or to meet the ends of justice . . . ." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*). "[T]he ends of justice exception is narrow and is to be used sparingly" by the appellate court. Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). "In order to avail [oneself of the exception,] the [claimant must] affirmatively show that 'a miscarriage of justice

has occurred, not . . . that a miscarriage might have occurred' [thus requiring] that the error be clear, substantial and material." Id. (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). In applying this exception, the Supreme Court of Virginia has held that it "requires a determination not only that there was error . . . but also that application of the exception is necessary to avoid a grave injustice." Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005).

After reviewing the record in this case, we find no error or grave injustice sufficient to invoke the ends of justice exception to Rule 5A:18. It is uncontested that the commission made the June 7, 2011 decision of the deputy commissioner available to claimant by mail and electronically. Claimant claims he never received the mailing, and he made no effort to access the electronic version. However, he cites no authority to support his position that the mailing and electronic delivery of the decision violates due process.

Code § 65.2-715 provides:

> Whenever, in the course of proceedings in connection with awards, the Workers' Compensation Commission issues any written notice, opinion, order or award regarding a specific case, the Commission shall provide copies to the employee, the employer and the compensation carrier, and, if represented, their counsel, at the same time. The requirements of this section may be satisfied via electronic communications in the manner prescribed by the Commission.

Procedural due process rules exist to "guarantee[] that a person shall have reasonable notice and opportunity to be heard before any binding order can be made affecting the person's rights to liberty or property." McManama v. Plunk, 250 Va. 27, 34, 458 S.E.2d 759, 763 (1995). Here, the record supports the conclusion that the commission provided claimant with adequate notice. We cannot say that there was a denial of due process in the notice provided to claimant.

Accordingly, we affirm the commission's final opinion. See Goraya v. Virginia Dep't of Transp., JCN 2126978 (July 26, 2013). We dispense with oral argument and summarily affirm

because the facts and legal contentions are adequately presented in the materials before the Court

and argument would not aid the decisional process.  <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>