## CIRCUIT COURT OF FAIRFAX COUNTY

Houben

v.

Duncan et al.

March 21, 2002

Case No. (Law) 196429

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on January 25, 2001, on Defendants' Motion to Quash Service and Plea in Bar. The Court took the matter under advisement and both counsel filed supplemental briefs on the issue of whether service of process was valid against the Defendants after Plaintiff has taken two nonsuits in the case. For the reasons stated in this opinion letter, the Court finds that service of process is invalid and grants Defendants' motion.

This case arises out of an automobile accident occurring on September 4, 1996. Plaintiff filed her original motion for judgment on September 2, 1998, never served the named defendants, and obtained a nonsuit on May 26, 1999. See Order for Nonsuit, *Houben v. Duncan et al.*, Case No. 174448. On November 17, 1999, Plaintiff filed a second motion for judgment against the same Defendants and was given a new file and case number. One year having expired with no service on the Defendants, the Court sent a notice to the Plaintiff for a hearing as to why the case should not be dismissed. Thereafter, on January 23, 2001, Plaintiff faxed a second nonsuit order to the Court. Judge Roush signed the Order on February 5, 2001. See Order of Nonsuit, *Houben v. Duncan et al.*, Law No. 184469. Counsel for Plaintiff did not indicate or represent to the Court that this was a second nonsuit. On June 19, 2001, Plaintiff filed a third motion for judgment and served the Defendants in the present suit in November.

According to § 8.01-380 of the Virginia Code, a plaintiff is entitled to one nonsuit as of right, and additional nonsuits can only be obtained with leave of court. See Va. Code Ann. § 8.01-380(B). In this case, Plaintiff did not obtain leave of court to file a second nonsuit. The second nonsuit was simply processed as a daily order in this Court. Plaintiff did not notify the Court that the February 5, 2001, Order of Nonsuit was a second nonsuit and proffered no argument as to why Plaintiff should have been granted a second nonsuit. The Court currently has no evidence that Defendants were noticed or even made aware that Plaintiff submitted a second nonsuit. And, Defendants were not properly served with notice of the motion for judgment until November 2001, over five years since the date of the car accident.

Plaintiff makes much of the fact that Defendants' insurance carrier had been "fully informed" of the pending litigation since its inception in 1999 as a result of the parties' ongoing settlement negotiations. Citing *Waterman v. Halverson* and *McManama v. Plunk*, Plaintiff argues that because of this informal "notice," Defendants' due process rights were unaffected and Defendants were not prejudiced by entry of the second nonsuit. See *Waterman v. Halverson*, 261 Va. 203 (2001); *McManama v. Plunk*, 250 Va. 27 (1995). However, Plaintiff's argument fails on several fronts. First, Plaintiff's discussions with "Defendant's insurance carrier" does not equate "notice" to two corporate Defendants and one individual Defendant who all have been named in the three motions for judgment. Plaintiff's discussions with Defendant's insurance carrier do not constitute notice under the Rules. See Va. Code Ann. § 8.01-296. Second, neither *Waterman* nor *McManama* involve second nonsuits. The case law and statutory law are clear that plaintiffs are entitled to one nonsuit as a matter of right. It is the attainment of a second nonsuit, without notice and without leave of court that is at issue in this case and was not at issue in those cases relied upon by Plaintiff. Finally, Defendants' rights and prejudices aside, Plaintiff simply has not abided by the law set forth in the Code in either obtaining a second nonsuit or properly noticing Defendants that a claim has been filed against them.

Pursuant to Virginia Code § 8.01-380(B), this Court finds the second nonsuit invalid. Accordingly, the present motion for judgment is time-barred. Va. Code Ann. §§ 8.01-229(E)(3), 8.01-243(A). Defendants' Motion to Quash Service and Plea in Bar is sustained and this case is dismissed with prejudice.