# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Holly Naugle

v.

Stephen A. Miller

December 2, 2004

Case No. (Law) CL03-436

BY JUDGE THOMAS S. SHADRICK

This matter comes before the court on defendant's Motion to Quash Service and Enter Summary Judgment, based upon alleged defective service, multiple nonsuits, and the expiration of the applicable statute of limitations. For the reasons set forth below, this court grants the defendant's motions, finding that the last nonsuit taken by the plaintiff is invalid and that this matter is thus time-barred.

The procedural history of this case governs its disposition. The Motion for Judgment asserts a claim for medical malpractice, based upon the failure of defendant Dr. Miller to diagnose breast cancer at an August 11, 1997, annual examination. Plaintiff initially filed suit in an improper venue, Suffolk Circuit Court, on May 26, 1999. Counsel for plaintiff intentionally filed in the wrong venue to take advantage of the fact that, at that time, the Suffolk Circuit Court did not actively monitor its cases for compliance with Code of Virginia § 8.01-275.1 (one year service requirement). (Tr. 10/15/04 Hearing at 14.) The goal was to allow the case to linger to see if the plaintiff would suffer a relapse, as counsel would not pursue her case further absent such a relapse. (Tr. at 15.) Consistent with this goal, counsel asked that service not be issued when the suit was filed.

Plaintiff took her first nonsuit on August 24, 2001, in response to a letter from the Suffolk Circuit Court regarding the failure to serve the defendant within one year. The case was refiled in that court on February 14, 2002, and nonsuited for the second time on January 7, 2003. The order granting the second nonsuit gives no indication that the matter was previously nonsuited and is virtually identical to the first nonsuit order. Plaintiff's counsel did not believe that the court asked him whether this was a subsequent nonsuit, and he would not have informed the court of that fact unless he was asked. (Tr. at 8.)

The case was refiled again in Suffolk Circuit Court on July 1, 2003, and the defendant was served with notice of the action on June 15, 2004, shortly before the expiration of the one year service requirement. Thus, Dr. Miller finally learned of the plaintiff's claim almost seven years after the alleged malpractice. Venue was subsequently transferred to the Virginia Beach Circuit Court on motion of the defendant.

The defendant asserts that plaintiff's second nonsuit is invalid. This argument is based upon failure to give the defendant notice and an opportunity to be heard regarding entry of the nonsuit. As a result, according to Dr. Miller, the second nonsuit should be deemed a *retraxit* with the effect of permanently ending the case and preventing it from being refiled. In the alternative, he argues that the second nonsuit was not granted with the required leave of court, since neither the court nor the defendant were advised that a plaintiff was requesting a second nonsuit. *See Houben v. Duncan,* 58 Va. Cir. 391 (Fairfax County 2002). Finally, Dr. Miller contends that the plaintiff failed to comply with the statutory requirement that service be effected within one year after an action is "commenced." This is based upon the theory that this action only "commenced" once, when it was first filed on May 26, 1999.

Code of Virginia (1950) §§ 8.01-380 and 8.01-229(E)(3) are relevant to the disposition of this matter. Section 8.01-380(B) provides one nonsuit as a matter of right and that subsequent nonsuits are discretionary with the court. Section 8.01-229(E)(3) provides an automatic six month tolling period for the statute of limitations where "plaintiff suffers a voluntary nonsuit *as prescribed in § 8.01-380.*" (Emphasis added.) Thus, a nonsuit must be granted in accordance with § 8.01-380 in order for the automatic tolling period to apply.

Neither the Virginia Code nor case law set forth any specific procedures or requirements for the granting of a discretionary nonsuit. The only guidance is provided by appellate decisions addressing what is not required in order for a nonsuit to be valid. Thus, neither service of process on a defendant nor notice and an opportunity for him to be heard is required prior to entry of a nonsuit. This is because the applicable statutes do not impose such

requirements. *McManama v. Plunk*, 250 Va. 27, 32 (1995). A nonsuit also does not have to be entered before the one year deadline for service has expired. It may be taken after the deadline, without service, and the action will not be time barred so long as it is recommenced within the six month period provided for in § 8.01-229(E)(3). *Clark v. Butler Aviation*, 238 Va. 506, 511-12 (1989). Although all of these cases were decided in the context of exercising a nonsuit as a matter of right, their reasoning and focus on the plain language of the relevant statutes is equally applicable to subsequent nonsuits.

Section 8.01-380(B) provides that "the court may allow additional nonsuits," so that the grant of a nonsuit after the first one is discretionary. It should be axiomatic that, in order for a court to properly exercise this discretion, it must know that it is in fact granting an additional nonsuit. In the instant matter, plaintiff's counsel does not believe that he disclosed this to the court in obtaining the second nonsuit. Regardless of the accuracy of the memory of plaintiff's counsel, a court speaks only through its orders. *See, e.g., Commonwealth v. Williams*, 262 Va. 661, 668 (2001); *Wagner v. Shird*, 257 Va. 584, 588 (1999). The January 7, 2003, nonsuit order does not reflect that it is granting an "additional nonsuit" as described by the statute. Accordingly, the nonsuit was not granted "as prescribed in § 8.01-380," with the result that the tolling provisions of § 8.01-229(E)(3) do not apply and plaintiff's action is time barred. *See Houben v. Duncan*, 58 Va. Cir. 391 (Fairfax County 2002).

This case brings to life the hypothetical "horror story" posed by the defendant in *Clark v. Butler Aviation*, except that it only took nearly seven years in the instant matter for the defendant to receive notice. 238 Va. 506, 511, n. 3 (1989) ("the 'horror story' [that] 'a defendant might not receive notice of plaintiff's claim until almost eight and one-half years after plaintiff's cause of action accrued' "). Although paved with good intentions, it is difficult not to view the procedural path of this case as an abuse of the system. The repeated filings without attempting service on the defendant and use of the tolling provisions of § 8.01-229(E)(3) negate both the function and purpose of the statute of limitations. *See, e.g., Gilbreath v. Brewster*, 250 Va. 436, 441 (1995) (describing repeated filings without service as "an abuse of the system" and related application of tolling provisions as nullifying the statute of limitations). Unfortunately, the end result of these tactics is that plaintiff's action must be dismissed.

The Court, therefore, grants the defendant's motion to quash service and grants summary judgment in favor of the defendant.

REPORTER'S NOTE: This opinion is cited in *Humphreys v. Carey* (2006), which is printed above at page 67.