## CIRCUIT COURT OF FAIRFAX COUNTY

Bethanie Janvier

v.

Gary Arminio et al.

Case Nos. (Law) 208197 and 223259

BY JUDGE R. TERRENCE NEY

June 22, 2005

This matter came before the Court on May 5, 2005, upon the Plea in Bar filed by Defendants Gary Arminio, D.P.M., and Burke Foot and Ankle Center, P.C. ("Burke") (hereinafter, collectively, "Defendants").

*Facts*

On May 21, 2001, Plaintiff filed her first Motion for Judgment, alleging medical malpractice arising from Dr. Arminio's treatment while acting within the scope of his employment with Burke. The last date of treatment was November 14, 1999.

Plaintiff never served Defendants. In order to avoid dismissal of the case, Plaintiff filed a Motion for Entry of Nonsuit and noticed the Motion

for hearing to take place on June 3, 2002, at which time, the Court entered a Nonsuit Order ("first Nonsuit").

On October 7, 2002, Plaintiff re-filed her Motion for Judgment against the same Defendants. Once again, Plaintiff failed to serve Defendants. In fact, Plaintiff neither attempted nor requested service on Defendants in either of the first two lawsuits.

On December 4, 2003, Plaintiff sought to nonsuit the second lawsuit. Plaintiff's counsel, without notice to Defendants, appeared in Judge Gaylord L. Finch's Chambers, requested that the case be nonsuited, and presented the court with an Order of Nonsuit, which Judge Finch entered ("second Nonsuit").

On May 27, 2004, Plaintiff filed her third Motion for Judgment against the same Defendants. On August 8, 2004, Defendants were served. This was Defendants' first notice of Plaintiff's lawsuit, or, indeed, of any claim.

Defendants have filed a plea in bar, arguing that Plaintiff's failure to notice Defendants as to the second, discretionary Nonsuit and the failure to advise the court that she was seeking a second Nonsuit act to bar her claim and that this case should be dismissed with prejudice.

Specifically, Defendants contend that the second Nonsuit Order entered December 4, 2003, should not be given effect, because it was obtained by fraud on the court and is therefore void, or, alternatively, that it is not binding on Defendants because they were not noticed and provided an opportunity to be heard before its entry.

If the second Nonsuit is of no effect, then it cannot act to toll the statute of limitations during the pendency of the second Motion for Judgment, which would then have permitted the Plaintiff to timely file a third Motion for Judgment.[1] Rather, if the second Nonsuit is void, the statute of limitations has run, and Plaintiff's third Motion for Judgment is time-barred. Even if the second motion for Judgment were still pending – if the second Nonsuit Order is, in fact, void – no judgment could be obtained against any of the Defendants because none was ever served, much less before twelve months had passed. Rule 3:3 of the Supreme Court of Virginia.

---

[1] "If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B1, whichever period is longer." Virginia Code § 8.01-229.

*Standard of Review*

"[A] plea in bar is a defensive pleading that reduces the litigation to a single issue," *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562, 422 S.E.2d 757, 758 (1992). The party asserting a plea in bar carries the burden of proof. *Id.* Where the parties argue a "plea in bar without presenting evidence, the trial court [is] required to accept as true the allegations of the motion for judgment." *Tomlin v. McKenzie*, 251 Va. 478, 482, 468 S.E.2d 882, 882 (1996).

*Analysis*

*Jurisdiction*

"All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1 (2000).

The Supreme Court of Virginia has ruled that a nonsuit order is a final order for purposes of Rule 1:1 and is therefore subject to the provisions of Rule 1:1. *James v. James*, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002).

Here, the circuit court entered the second Nonsuit Order on December 4, 2003. Defendants have challenged the validity of the second Nonsuit well after twenty-one days have expired. Therefore, a threshold issue is whether this Court even has jurisdiction to consider this matter.

Rule 1:1 limiting the jurisdiction of a court to twenty-one days after the entry of the final order does not apply to an order which is void. *Singh v. Mooney*, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001). An order is void and "may be attacked in any court at any time, directly or collaterally," if it "has been procured by extrinsic or collateral fraud." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Defendants attack the validity of the second Nonsuit entered December 4, 2003, claiming that it was obtained by fraud on the court.

*Fraud*

Defendants' assertion that the second Nonsuit was procured by fraud is based on the allegation that Plaintiff's counsel did not advise the court that Plaintiff was taking a second – leave of court – nonsuit rather than a first – unopposable – nonsuit. In support of this allegation, Defendants

rely on the plain language of the second Order of Nonsuit which simply states that the cause came to be heard upon Plaintiff's Motion "for entry of an Order of Nonsuit." The Order does not specify whether this was the first or second nonsuit.[2] Defendants argue that the omission of that fact suggests that Plaintiff failed to advise the court that the nonsuit was not the first taken by Plaintiff.

Plaintiff's counsel asserts in his deposition taken by the Defendants that he informed the court that he was requesting a second nonsuit, that Judge Finch inquired as to whether Defendants' signatures were necessary, and that Plaintiff's counsel responded that he did not believe Defendants' endorsements were necessary because Defendants had not been served. (Judge Finch has no recollection of the circumstances surrounding the entry of the second Nonsuit.)

Based upon such evidence, the Court cannot find that Plaintiff obtained the second Nonsuit by fraud. Simply put, there is no clear evidence of fraud. The only evidence of what occurred came from Plaintiff's counsel. Yet *see, National Airlines v. Shea*, 223 Va. 578, 292 S.E.2d 308 (1982). The Court chooses not to find it necessary to apply *Shea* here. Judge Finch is not able to recall anything about what occurred, but certainly not that he was aware or unaware that Plaintiff was requesting a second Nonsuit. Given this conundrum, the Court cannot treat the Order as void for having been procured by fraud. A circuit court in Virginia speaks only through its orders. *The Berean Law Group v. Cox*, 259 Va. 622, 626, 528 S.E.2d 108, 111 (2000). That being so, quite arguably, the second Nonsuit not being identified as such is simply a Nonsuit, suggesting by its own language that it is not anything other than what it states to be, namely a nonsuit, not a *second* Nonsuit, and thus, standing alone, is proof of fraud. This particular point, however, was not pressed by counsel, and the Court, as a result, declines to address it.

Defendants also contend, however, that the second Nonsuit is not binding on them because they were not noticed and provided an opportunity to be heard. This position, if borne out, does provide a basis for jurisdiction, notwithstanding the restrictions of Rule 1:1. Even if not obtained by fraud, an order is void "if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, *or if the mode of procedure used by*

---

[2] And, interestingly, the first nonsuit order in this case specifically referenced the nonsuit statute and stated that it came upon Plaintiff's Motion "for entry of an Order of *Voluntary* Nonsuit." (Emphasis added.)

*the court was one that the court could 'not lawfully adopt'." Singh*, 261 Va. at 51-52, 541 S.E.2d at 551 (citing *Evans v. Smyth-Wythe Airport Comm'n*, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998)) (emphasis added). "The lack of jurisdiction to enter an order under *any* of these circumstances renders the order a complete nullity and it may be 'impeached directly or collaterally by all persons, anywhere, at any time, or in any manner'." *Id.*, 261 Va. at 52, 541 S.E.2d at 551 (citing *Barnes v. American Fertilizer Co.*, 144 Va. 692, 705, 130 S.E. 902, 906 (1925)) (emphasis added).

Whether the failure to notice unserved Defendants of a request for a second Nonsuit amounts to a "mode of procedure . . . that the court could 'not lawfully adopt' " and renders the second Nonsuit Order void, thus extending the Court's jurisdiction to address it, is then the question presented. *Singh*, 261 Va. at 51-52, 541 S.E.2d at 551.

### Failure to Notice Defendants

Virginia Code § 8.01-380 provides that "only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right." Any additional nonsuits may be obtained only with leave or court or stipulation of the parties. The statute is silent as to whether all parties must be noticed when a plaintiff requests a nonsuit, regardless of whether it is the first or an additional nonsuit.

The Supreme Court of Virginia has held that a plaintiff may take a *first* nonsuit, as a matter of right, without providing notice to a defendant who has not yet been served with the motion for judgment. *Waterman v. Halverson*, 261 Va. 203, 208, 540 S.E.2d 867, 869 (2001); *McManama v. Plunk*, 250 Va. 27, 32, 458 S.E.2d 759, 762 (1995). The Supreme Court has yet to decide, however, whether a plaintiff must notice a defendant who has not been served with a motion for judgment when seeking an *additional* nonsuit which requires leave of court or stipulation of the parties pursuant to Virginia Code § 8.01-380.

The rationale employed by the Court in *Waterman* and *McManama* is that notice to defendants by a plaintiff exercising an absolute right to a first – voluntary nonsuit – is not necessary because the defendants were "not deprived of any . . . property interest, or prejudiced in any way." *Waterman v. Halverson*, 261 Va. 203, 208, 540 S.E.2d 867, 869 (2001). This is certainly so. Even with notice, no defendant would have a basis on which to avoid the entry of a nonsuit. Yet, the Court did not address whether entry of a second nonsuit without notice to a defendant who has not been served with a Motion for Judgment would cause the defendant prejudice.

Plaintiff argues that the reasoning of *Waterman* and *McManama* as to a first nonsuit applies equally to a second. But it cannot. The difference between a plaintiff's failure to notice a defendant of entry of a first nonsuit and a failure to notice entry of an additional nonsuit is crystal clear, a plaintiff has an absolute statutory right to take a first nonsuit, notice or not. But leave of court (or stipulation of the parties) is required to take an additional nonsuit. Virginia Code § 8.01-380. Where a court's discretion is involved, all affected parties should be heard.

Although the Supreme Court of Virginia has yet to address whether a defendant is entitled to notice of a plaintiff's request for a second nonsuit where a defendant has not been served with a motion for judgment, this precise issue was addressed in *Hicks v. Harrison*, 35 Va. Cir. 219 (Spotsylvania County 1994). In that case, Judge William H. Ledbetter, Jr., set forth the question presented in that case as follows:

> can a plaintiff properly suffer a second or additional nonsuit, one to which he has no statutory entitlement, by presenting to the court a nonsuit order more than one year after filing the action and without attempting to serve the defendants and without giving the other parties an opportunity to be heard?

*Id.* at 223. Absent the jurisdictional threshold here which was not addressed in *Hicks*, the question is identical to the one presented here.

In *Hicks*, the plaintiff brought suit against the defendants on December 29, 1988, three days before the statute of limitations was to expire. *Id.* at 219. The defendants filed responsive pleadings. *Id.* The plaintiff took a voluntary nonsuit on August 6, 1990. *Id.* On December 26, 1990, the plaintiff brought a second lawsuit against the defendants on the same cause of action. *Id.* The defendants, however, were not served with the second suit. *Id.* In fact, service on the defendants was not even attempted by the plaintiff. *Id.* at 220. On July 15, 1994, the plaintiff's counsel presented the court with a voluntary nonsuit order endorsed by the plaintiff's counsel, which the court entered. *Id.* On the same day, the plaintiff instituted a third action against the defendants. *Id.* The defendants were properly served and filed responsive pleadings in the third suit, which included a plea in bar raising the defense of statute of limitations. *Id.*

In *Houben v. Duncan*, 58 Va. Cir. 391 (Fairfax 2002), Judge Jonathan C. Thacher ruled that a second nonsuit was invalid where the plaintiff did not obtain leave of court. *Id.* There, the plaintiff filed her

original Motion for Judgment on September 2, 1998, never served the defendants, and obtained a Nonsuit on May 26, 1999. *Id.* The plaintiff filed a second motion for judgment against the same defendants on November 17, 1999, and again, did not serve them. *Id.* Plaintiff faxed a second nonsuit order to the Court which was entered on February 5, 2001. *Id.* Counsel for the plaintiff did not indicate or represent to the Court that this was a second nonsuit. *Id.* Judge Thacher ruled that the plaintiff did not obtain leave of Court to file a second nonsuit and, therefore, it was invalid. *Id.* No jurisdictional issue was addressed.

Defendants here essentially make the same argument as the defendants in *Hicks,* namely, that the second nonsuit was not permitted as a matter of right and thus the plaintiff's presentation of a second nonsuit without notice to the defendants was a violation of due process rendering the nonsuit order void. *Id.*

The Court in *Hicks* held that:

in order for a plaintiff to suffer an additional nonsuit, i.e. one to which he has no statutory entitlement, the record must show that all parties agreed to it or the adverse parties were given fair opportunity to oppose it so that the court could make an informed determination whether to allow the plaintiff to take the nonsuit. Without such consent or opportunity to be heard, or without at least the court's being informed of the circumstances so that it can make a meaningful determination whether to allow the additional nonsuit, the nonsuit is ineffectual.

*Id.* at 224. Judge Ledbetter considered the defendants in the case to be "parties" even though they had not been served with the second motion for judgment. Judge Ledbetter held that the defendants in *Hicks* were parties to the second suit, even though they were not served and may have been unaware of their involvement in the suit. *Id.* at 221. "The purpose of service of process is not to make a person a party; he is already a party if he is named in the suit and the suit has been commenced." *Id.* As a result, they were entitled to notice of entry of the additional nonsuit. In short, the court held that, under the circumstances of the case, "the second nonsuit had no effect as to the defendants." *Id.* at 223.

Whether unserved persons are deemed "parties" or not, however, is not entirely dispositive. The heart of the matter is that any named defendants are persons or legal entities whose legal rights are, or may be, substantially prejudiced without their being given an opportunity to be

heard. A contrary notion is antithetical to any sense of fair play and substantial justice. "It is universally recognized that 'due process of law' requires that a person be given notice and a reasonable opportunity to be heard before an impartial tribunal before any binding decree or order may be entered affecting his right to liberty or property." *John Doe v. Brown*, 203 Va. 508, 512, 125 S.E.2d 159, 163 (1962).

Here, there can be little doubt that, had Defendants been given notice of the request for a second nonsuit, they would have opposed it. Whether the judge would have agreed with them or not is not the point. It is that, where a court is to exercise discretion, it must have the benefit of hearing from all persons affected thereby. Failing that, its discretion can hardly be fairly exercised.

### Conclusion

Where a plaintiff seeks a second or additional nonsuit, the plaintiff must notice all defendants affected by such nonsuit regardless of whether they have been served with process. Here, Defendants were not noticed and given an opportunity to be heard on Plaintiff's oral request for an additional nonsuit. Not doing so is a "mode of procedure . . . that the court could 'not lawfully adopt'." *Singh*, 261 Va. at 51-52, 541 S.E.2d at 551. Therefore, the second Nonsuit Order entered by Judge Finch on December 4, 2005, is void and without effect, the statute of limitations was not tolled, and this claim is time-barred.

For these reasons, Defendants' Plea in Bar is sustained.

### August 4, 2005

These matters came before the Court on July 29, 2005, upon Plaintiff Bethanie Janvier's Motion to Reconsider the Court's ruling on June 22, 2005, in Law No. 223259 and also her Motion for a Nonsuit in Law No. 208197. The Court announced its rulings as to both matters in open court but because of the extended colloquy which preceded these rulings, this Opinion Letter is being issued in order to avoid any misunderstanding as to the basis for the decisions.

### Facts

On June 22, 2005, the Court sustained the Plea in Bar filed by Defendants Gary Arminio, D.P.M., and Burke Foot and Ankle Center, P.C., in Law No. 223259 ("the third case") for failing to give notice to

Defendants of Plaintiff's motion for a second nonsuit in Law No. 208197 ("the second case"). *See* Opinion Letter of June 22, 2005, which is made a part of this Opinion Letter.

Briefly stated, the Court held that, where a plaintiff seeks a second or additional nonsuit, the plaintiff must notice all persons named as defendants affected by such nonsuit regardless of whether or not they have been served with process. Here, Defendants were not noticed and given an opportunity to be heard on Plaintiff's oral request for an additional nonsuit. The Court ruled that not doing so is a "mode of procedure . . . that the court could 'not lawfully adopt'." *Singh v. Mooney*, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001). Therefore, the second Nonsuit Order entered on December 4, 2003, was rendered void and without effect, the statute of limitations was deemed not tolled, and the claim time-barred.

Plaintiff filed a Motion to Reconsider the Court's ruling. Plaintiff does not argue that the Court's ruling was incorrect – although she objects to it – but argues that the *effect* of the Court's ruling permits this case to go forward. Plaintiff contends now that, if the December 4, 2003, nonsuit is in fact void and therefore, a nullity, as held by this Court, then the second case remains pending. No dismissal order has been entered in the second case and, therefore, Plaintiff argues that the second case is still and was pending when the third case was filed.

Plaintiff's contention is deceptively simple. She asserts that, while the second case is pending, the statute of limitations is tolled. Therefore, Plaintiff argues that this case was timely filed and should not be dismissed but reinstated on the docket.

Although she may be correct on the first point – that the statute of limitations is tolled so long as the second case is pending – she is not correct on the second. The third case could only have been timely filed if a nonsuit had been entered in the second case. Once the nonsuit in the second case was determined to be void and a nullity, the third case could never have been instituted because the second case was not nonsuited. Simply put, the viability of the third case depended solely on its being filed within six months of a nonsuit having been entered in the second case.

Moreover, Plaintiff's reasoning would totally evade the purpose – and necessity – of the nonsuit statute.[3] No plaintiff would ever have to

---

[3] "If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation

worry about the possibility of a dismissal with prejudice when seeking a second nonsuit. All one would have to do is file the third suit while the second is still pending. Such a result would eviscerate both the language and the purpose of the nonsuit statute. The pendency of the second suit gives life to the third only if connected to it. That metaphorically umbilical connection is embodied in the nonsuit statute. Without it – as now here – the third suit has no independence and life of its own.

Finally, the language of the statute itself makes this plain. A plaintiff may "recommence" his action within six months (from the date of the nonsuit order). A "recommenced" case is just that – one started anew after the prior case has ended. To suggest that one can "recommence" a case when the prior case is still active turns the statute inside out. Only after the entry of a nonsuit order may the new case come into being.

Asserting that the second suit remains pending because the nonsuit order has been held to be void, Plaintiff has also filed a motion to now nonsuit the second case. Upon consideration, however, the Court denies Plaintiff's motion. Plaintiff failed to serve Defendants in the second suit, as well as in the first suit, within one year of filing suit. No judgments could have been taken against them in either instance. Plaintiff failed to show or even offer that there was exercised any due diligence whatsoever in trying to obtain service on the Defendants in not one, but two separate suits, as required by Rule 3:3. "No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him." Rule 3:3.

For these reasons, Plaintiff's Motion to Reconsider in Law No. 223259 and Plaintiff's Motion to Nonsuit in Law No. 208197 are denied and both cases are hereby dismissed with prejudice.

---

period as provided by subdivision B1, whichever period is longer." Virginia Code § 8.01-229.