# CIRCUIT COURT OF THE CITY OF LYNCHBURG

Harry E. Humphreys, Sr.

v.

Daniel Carey,
Medical Associates
of Central Virginia, Inc.,
and James A. Smith,

May 11, 2006

Case No. (Civil) CL04024741-00

BY JUDGE MOSBY G. PERROW, III

The parties are before the Court on defense pleas in bar and motions to dismiss. The facts relevant to the procedural history of the plaintiff's claim are not in dispute. The arguments and authorities have been carefully considered. The pleas will be sustained, and the motions to dismiss will be granted for the reasons that follow.

The plaintiff has commenced the same medical malpractice action against the defendants on three separate occasions. The plaintiff was last seen and treated by Dr. Carey of Medical Associates of Central Virginia on July 17, 1998, and by Dr. James A. Smith on July 18, 1998. The first action filed July 14, 2000, ended with a nonsuit order entered October 4, 2001. In the first action, all defendants had been served with process and had filed responsive pleadings before entry of a nonsuit order endorsed by counsel for all the parties. The second action filed April 3, 2002, ended with a nonsuit order entered March 11, 2004. The plaintiff never made any attempt to serve process upon any of the defendants between April 3, 2002, and March 11, 2004, and moved for nonsuit without notice to the defendants in response to a letter from the Clerk dated February 26, 2004, a copy of which is attached hereto and incorporated herein by reference. On March 11 the court file, the plaintiff's

motion for nonsuit, and the draft nonsuit order were presented to the court by the Clerk for entry. Copies of the motion and order are attached hereto and incorporated herein by reference. The Judge entering the second nonsuit order was unaware that the action had been previously filed and nonsuited. The third action in which the defense pleas and motions are pending was filed September 10, 2004, and served upon the defendants almost one year later.

The issue raised by the defense pleas and motions is whether the pending action is time barred. The plaintiff was entitled to the first nonsuit as a matter or right; the court had discretionary authority to order a second nonsuit. Virginia Code § 8.01-380(B). Therefore, plaintiff maintains that the third action was timely filed because each nonsuit order triggered the six month tolling provision of Virginia Code § 8.01-229(E)(3). However, the defendants maintain that the second nonsuit order did not toll the running of the statute of limitations because the second nonsuit was not suffered "as prescribed in § 8.01-380," Virginia Code § 8.01-229(E)(3); or in the alternative that the second nonsuit order was void ab initio and therefore could not toll the running of the statute of limitations.

Central to the resolution of the issue raised by the defense pleas and motions is whether the defendants were entitled to notice and an opportunity to be heard before entry of the second nonsuit order. *Waterman v. Halverson*, 261 Va. 203, 540 S.E.2d 867 (2001), relied upon by the plaintiff for the proposition that the defendants were not entitled to notice and an opportunity to be heard before entry of the second nonsuit order, is clearly distinguishable from the present case because it dealt with a nonsuit as a matter of right as opposed to a discretionary nonsuit. The defendants rely upon a number of well reasoned and persuasive circuit court opinions that have addressed the question, e.g. *Janvier v. Arminio*, 68 Va. Cir. 168 (Fairfax County 2005); *Naugle v. Miller*, Virginia Beach Circuit Court decided December 2, 2004;[1] *Houben v. Duncan*, 58 Va. Cir. 391 (2000); *Hicks v. Harrison*, 35 Va. Cir. 219 (1994). The defendants, although unserved, were parties to the second action, Rule 3:3(a) of the Rules of the Supreme Court of Virginia, and clearly had a viable defense under Rule 3:3(c) and Virginia Code § 8.01-275.1 because of plaintiff's failure to make any attempt to obtain service between April 3, 2002, and March 11, 2004. Plaintiff's counsel had a duty to "inform the tribunal of all material facts known to . . . [him] which . . . [would] enable the tribunal to make an informed decision, whether or not the facts are adverse," Rule 3:3(c) of the Virginia Rules of Professional Conduct. The plaintiff's failure to give notice to the defendants and to fully inform the

---

[1] This opinion is printed below at page 408. [Reporter's Note]

tribunal before entry of the second nonsuit order clearly prejudiced the defendants and impeded the trial court in the exercise of sound discretion. These irregularities and fundamental fairness require the court to find that the second nonsuit was not suffered "as prescribed in § 8.01-380," *Naugle v. Miller, supra*, and that the second nonsuit order is void, *Janvier v. Arminio, supra*. Therefore, the tolling provisions of Virginia Code § 8.01-229(E)(3) were not triggered by entry of the second nonsuit order and the third action is time barred.